IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

LARRY ALAN SCHROEDER,       )
                            )
            Petitioner,     )
                            )
v.                          )   No. CIV-02-1662-L
                            )
RON WARD,                   )
                            )
            Respondent.     )

## O R D E R

On January 25, 2000, petitioner was found guilty by a state court jury of two counts of first degree burglary and one count of forcible oral sodomy in Case No. CF-99-2717. A third count of burglary was dismissed by the court prior to submission to the jury. In addition, the jury found defendant guilty in consolidated Case No. CF-99-2998 of two counts of second degree rape, four counts of forcible oral sodomy, two counts of first degree burglary, two counts of kidnapping, and one count each of lewd acts with a child under 16, first degree rape and sexual abuse of a child. Defendant was acquitted of two counts of attempted kidnapping or in the alternative child abuse, two counts of indecent exposure, and one count each of making lewd or indecent proposals to a child under the age of 16 and assault with intent to commit rape. Based on the jury's sentencing verdicts, Oklahoma County District Court Judge Susan W. Bragg sentenced petitioner to consecutive sentences totaling 222 years. In a Summary Opinion issued September 6, 2001, the Oklahoma

Court of Criminal Appeals ("OCCA") affirmed petitioner's conviction and sentence on all counts except the two burglary counts and the two kidnapping counts in Case No. CF-99-2998.  With respect to those counts, the Court reversed and remanded with instructions to dismiss.

On November 22, 2002, petitioner acting *pro se* filed this action seeking federal habeas relief.  Pursuant to 28 U.S.C. § 636, this matter was referred to the Honorable Bana Roberts for initial decision.  On August 31, 2004, Magistrate Judge Roberts issued a Report and Recommendation recommending that the Petition for Writ of Habeas Corpus be denied.  In his timely filed objections, petitioner requested additional time to submit additional objections.  Although the court granted petitioner's request, petitioner opted not to file any supplemental objections, stating that he "stands on the objections raised in the Objection to Report and Recommendation of Magistrate Judge . . . ."  Notice of Intent to Not File Supplemental Objections (filed Nov. 29, 2004).

Pursuant to 28 U.S.C. § 636(b), the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  In accordance with this mandate, the court has reviewed the Report and Recommendation, petitioner's objections thereto, and the entire case file.  Based on this review, the court concludes that the Report and Recommendation should be approved and adopted with a minor exception.

Petitioner contends that the burglary convictions in Case No. CF-99-2717 were not supported by sufficient evidence. Citing Roy v. State, 602 P.2d 226 (Okla. Crim. 1979), petitioner argues that the breaking and entering were concomitant with his attacks on T.B. and therefore do not constitute burglary. Roy, however, is distinguishable as petitioner's breaking and entering into T.B.'s house was not simultaneous with the attacks on her. Petitioner claims that the element of intent was not proved with respect to the September 30, 1998 burglary because no crime was actually committed inside the dwelling. That, however, is not the standard. Oklahoma's burglary statute only requires proof that a defendant entered a home "with intent to commit some crime therein";[1] completion of the criminal act is not required. See Rowland v. State, 817 P.2d 263, 265-66 (Okla. Crim. 1991). A defendant's intent is determined at the time of the unlawful entry and may be established by direct or circumstantial evidence. Id. at 266. The evidence adduced at trial was more than sufficient to establish petitioner's intent to commit lewd acts with a child under the age of 16. Petitioner, who was wearing a mask, grabbed T.B., pushed her onto the couch, and then lay down on top of her. These are not innocent actions; rather, given petitioner's prior attack on T.B., they raise a strong inference of petitioner's criminal intent. Petitioner is not entitled to habeas relief with respect to the burglary counts.

---

[1] 21 O.S. § 1431.

Nor is petitioner entitled to relief with respect to Count 15 in Case No. CF-99-2998. Based on petitioner's cryptic statement that the report "does not properly address the facts regarding infirm testimony of A.G.",[2] it appears that petitioner is advancing the same argument that was rejected by the Magistrate Judge in her well-reasoned Report. While the court agrees that the Report contains a minor misstatement of A.G.'s testimony,[3] that misstatement does not alter the court's analysis of petitioner's claim. The court concurs with the Magistrate Judge's conclusion that there was sufficient evidence for the jury to find defendant guilty of first degree rape.

Petitioner's assertion that the Magistrate Judge misapplied Lucero v. Kerby, 133 F.3d 1299 (10th Cir.), *cert. denied*, 523 U.S. 1110 (1998), is without merit. As the Magistrate Judge correctly noted, the very fact that the jury acquitted defendant of six counts demonstrates the jurors' ability to compartmentalize the evidence with respect to each count of the two cases. Likewise, petitioner's objection "to the characterization of the record at Tr. Vol. IV at 130-135 in the report"[4] is erroneous. The cited testimony reflects that Thomas Gibson's DNA findings were confirmed by

---

[2] Objection to Report and Recommendation of Magistrate Judge at 2.

[3] At page 17, the Report reflects that "A.G. testified regarding penetration of both her vagina and anus." Report and Recommendation at 17. A.G.'s trial testimony, however, was not specific regarding where penetration occurred; rather, her testimony was in more general terms. Transcript of Jury Trial Vol. III at 27 ("[o]n my bottom area . . . [i]n the area where I go to the bathroom."). A.G. was, however, adamant that penetration had in fact occurred. Id.

[4] Objection to Report and Recommendation of Magistrate Judge at 3.

his colleagues, Ronald Williams and Mary Long.  Contrary to petitioner's objection, the Report's failure to address the continuous acts test with respect to his double jeopardy claim is not error.  The Magistrate Judge correctly found that the charges against petitioner did not implicate the double jeopardy clause.  The mere fact that the same transaction results in violations of more than one statute is insufficient by itself to raise a double jeopardy claim.  *See* Blockburger v. United States, 284 U.S. 299, 301-3 (1932).  "When each offense requires proof of a fact not essential to the other, the charges are not identical and the accused can be charged, tried and convicted of both offenses even though the charges arise out of the same acts." Goldsmith v. Cheney, 447 F.2d 624, 627 (10th Cir. 1971).  Petitioner is not entitled to relief on this claim.

In his remaining objections, petitioner simply reasserts the arguments he presented to the Magistrate Judge.  The Magistrate Judge performed a thoughtful and careful review of the record in this case and petitioner's claims and found that they did not warrant federal habeas relief.  This court concurs.  Moreover, petitioner's general objections are not sufficiently specific to permit considered review.  *See* United States v. 2121 East 30th Street, 73 F.3d 1057, 1060 (10th Cir.), *cert. denied sub nom.*, 519 U.S. 909 (1996).

In sum, petitioner has failed to demonstrate that his federal rights were violated. The thorough and well-reasoned Report and Recommendation is approved

and adopted with the limited exception noted above.  The Petition for Writ of Habeas Corpus is DENIED.  Judgment will issue accordingly.

It is so ordered this 25th day of April, 2005.

_/s/ Tim Leonard_
TIM LEONARD
United States District Judge